**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| F.B., a minor, by and through next friend TRACY BONO, | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | ) <br> ) |
| FRANCIS HOWELL SCHOOL DISTRICT | ) <br> ) <br> ) |
| Defendant. | ) <br> ) |

Case No. 4:22-CV-00503-JAR

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Francis Howell Schools District's Motion to Dismiss Plaintiff's Complaint. (Doc. 16). The motion is fully briefed and ready for disposition. For the reasons discussed below, the motion will be granted.

**I.        BACKGROUND**

Plaintiff F.B. brings this suit against Defendant Francis Howell School District ("Defendant" or "District") by and through his mother, Tracy Bono, alleging unlawful use of isolation and restraint.

Plaintiff is a minor with autism who attended Warren Elementary School in Francis Howell School District until March of 2017.  In September 2016, District personnel informed Ms. Bono of their intent to "use an isolation room with F.B."  Bono refused to allow it and requested any records regarding the use of the isolation room on F.B.  Defendant responded that it did not have any such records, nor did it use the isolation room on F.B.

At an unspecified later date, F.B. began complaining to Bono about being placed in the "blue room" at school. District personnel later informed Bono that the "blue room" refers to the

isolation room. District personnel admitted that they had used the isolation room on F.B. and that they failed to keep records of the use of the isolation room. Bono removed F.B. from Defendant Francis Howell School District in March 2017. After this, F.B. was diagnosed with post-traumatic stress disorder due to Defendant's acts.

F.B. had an Individualized Education Program ("IEP"), dated February 2, 2017.  The IEP is the primary tool for implementing the aims of the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*, namely, providing students with disabilities with a "free appropriate public education" ("FAPE"). F.B.'s IEP indicates that "nonviolent physical crisis intervention control techniques" may be used. (Doc. 15 at 27). The IEP also contains a "Crisis Plan" to be implemented as a "last resort." *Id.* This plan includes use of "restraint procedures" and, "if F.B. resists restraint for approximately 1 minute of time" use of "the isolation room environment…with the door open." *Id.*

Under the IDEA, a parent dissatisfied with the manner in which an IEP is implemented may file a due process complaint with the local state agency. 20 U.S.C. § 1415(i)(2). Plaintiff here, however, did not file with the state agency and instead filed directly in district court. In the Complaint, Plaintiff alleges violations of Title II of the Americans with Disabilities Act ("ADA"), § 504 of the Rehabilitation Act ("Section 504"), and 42 U.S.C. § 1983 ("Section 1983").

 Defendant moved to dismiss Plaintiff's Complaint on the grounds that this Court lacks subject matter jurisdiction, and that the Complaint fails to state a claim upon which relief may be granted. This Court finds that it lacks subject matter jurisdiction over Plaintiff's Complaint due to Plaintiff's failure to exhaust the IDEA's administrative remedies. Therefore, it does not address Defendant's arguments regarding Plaintiff's alleged failure to state a claim.

## I.     LEGAL STANDARDS

### Fed. R. Civ. P. 12(b)(1)

"District courts within the Eight Circuit have evaluated exhaustion arguments as subject matter jurisdiction questions." *Smith v. Rockwood R-VI Sch. Dist.*, 4:16-cv-1226-CEJ, 2017 WL 1633065, at *2 (E.D. Mo. May 2, 2017), *aff'd* 895 F.3d 566 (8th Cir. 2018). Fed. R. Civ. P. 12(b)(1) requires dismissal if the court lacks subject matter jurisdiction over a claim. A movant under Rule 12(b)(1) may either challenge the complaint on its factual truthfulness or on its face. *Archdiocese of St. Louis v. Sebelius*, 920 F. Supp.2d 1018 (E.D. Mo. 2013); *Osborn v. United States*, 918 F.2d 724, 729, n.6 (8th Cir. 1990). In a facial attack, the court restricts itself to the face of the pleadings and in a factual attack, the court considers matters outside the pleadings. *Id.* Because the Defendant's motion is a facial attack regarding jurisdiction, the non-moving party receives the same protections it would have in defending a motion under Fed. R. Civ. P. 12(b)(6).

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When ruling on a motion to dismiss under Rule 12(b)(6), the district court must "accept the allegations contained in the complaint as true and all reasonable inferences from the complaint must be drawn in favor of the nonmoving party." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001).

### IDEA Exhaustion Requirement

"In the IDEA, Congress established procedural safeguards to ensure individuals with disabilities will have the opportunity to obtain a free appropriate public education (FAPE)." *J.B.*

*ex rel. Bailey v. Avilla R-XIII Sch. Dist.*, 721 F.3d 588, 592 (8th Cir.2013) (citing 20 U.S.C. § 1415(a)). These safeguards include the opportunity to present complaints in an impartial due process hearing, seek review before the state educational review agency, and finally, dispute the outcome of the administrative review hearing in district court. *Id.* (citing 20 U.S.C. § 1415(f)-(i)).

A plaintiff may be required to exhaust the procedures available under the IDEA despite filing his action under other laws. *Fry v. Napoleon Cmty. Sch.*, 580 U.S. 154, 165 (2017) ("Section 1415(l) requires that a plaintiff exhaust the IDEA's procedures before filing an action under the ADA, Rehabilitation Act, or similar laws when (but only when) her suit seeks relief that is also available under the IDEA."). "[T]o meet that statutory standard, a suit must seek relief for the denial of a FAPE, because this is the only 'relief' the IDEA makes 'available.'" *Id.* "[I]n determining whether a suit 'seeks' relief for such a denial, a court should look to the substance, or gravamen, of the plaintiff's complaint." *Id.* "The inquiry 'does not ride on whether a complaint includes (or, alternatively, omits) the precise words 'FAPE' or 'IEP.''" *J.M. v. Francis Howell Sch. Dist.*, 850 F.3d 944 (8th Cir. 2017) (quoting *Fry*, 580 U.S. at 169). Rather, Section 1415(l) "requires exhaustion when the gravamen of a complaint seeks redress for a school's failure to provide a FAPE, even if not phrased or framed in precisely that way." *Fry*, 580 U.S. at 170.

Plaintiff asserts that the Missouri Department of Elementary and Secondary Education "lacks jurisdiction to correct and hear these wrongs," (Doc. 16 at 2), and therefore did not file a due process complaint with that agency prior to commencing this action, as required by the IDEA. 20 U.S.C. § 1415(i)(2). Because Plaintiff did not follow IDEA procedures, the only questions before the Court are whether Plaintiff seeks relief for the denial of a FAPE and, if so,

whether an exception to the IDEA exhaustion requirement applies. *See J.B.*, 721 F.3d at 593.

## II.   ANALYSIS

### Gravamen of Plaintiff's Complaint

Plaintiff contends that exhaustion is not required because the Complaint does not seek relief available under the IDEA. Plaintiff argues the gravamen of the Complaint is not that Defendant violated the IDEA by denying F.B. a FAPE, but that it used "unlawful and unreasonable use of physical harm and discrimination against the Plaintiff." (Doc. 20 at 3). The language of the Complaint, however, does not support this conclusion.

The Complaint states that Defendant's use of restraint and isolation "denied Plaintiff the benefits of a public education," and deprived Plaintiff of "the most integrated setting appropriate." (Doc. 1 at 36, ¶¶ A-B). It alleges Defendant has "denied students with disabilities equal opportunity to obtain or reach the same level of achievement as that provided to others not subject to restraint and seclusion," by "excluding students with disabilities from the benefits and services of a publicly funded education institution." (Doc. 1 at 33-34, ¶¶ 146h, 155).

These allegations show that the Complaint is based on the denial of a FAPE. The primary purpose of the IDEA is to "ensure all children with disabilities have available to them a free appropriate public education." §1400(d)(1)(A). Thus, "the Act's principal command" is that a "state receiving federal funding under the IDEA must make such an education 'available to all children with disabilities.'" *Fry*, 580 U.S. at 167 (quoting §1412(a)(1)(A)). A failure to provide "the benefits of a public education," as alleged by Plaintiff, is therefore a violation of the IDEA's assurance of a FAPE.

Plaintiff contends that "the gravamen of Plaintiff's Complaint is the unlawful restraint and seclusion of Plaintiff by the Defendant FHSD and it has nothing to do with FAPE." (Doc. 1

at 29, ¶ 123). It is true that section 1415(l) "treats the plaintiff as the master of the claim." *Fry*,
580 U.S. at 169 (internal quotation omitted). But the examination of whether a complaint seeks
relief for the denial of an appropriate education is not "not a mere pleading hurdle." *Id.* at 170.
Rather, "the examination should consider substance, not surface." *Id.*

The Eight Circuit examined allegations similar to those raised here in *J.M. v. Francis
Howell School District*, 850 F.3d 944. Just like Plaintiff here, the plaintiff in *J.M.* alleged
unlawful use of isolation and restraint in violation of, among other things, the ADA, Section
1983, and Section 504. The court concluded that because the complaint was "based on how the
use of isolation and physical restraint…denied J.M. the benefits of public education," the
gravamen of the suit was the denial of a FAPE. *Id.* at 949. In *J.M.*, the complaint showed the IEP
was a "central dispute" of the litigation. *Id.* (quoting *Moore v. Kansas City Pub. Sch.*, 828 F.3d
687 (8th Cir. 2016)). Moreover, the allegations in the complaint demonstrated the plaintiff's
injuries were "education-related," as they alleged the defendant had used isolation and restraint
"as a disciplinary tool." *Id.*

So too here. F.B.'s IEP is a central dispute of this litigation as the IEP specifically
contemplates the use of restraint and isolation. The thrust of Plaintiff's argument is therefore a
disagreement regarding the contents and implementation of F.B.'s IEP. Under the IDEA, an IEP
"serves as the 'primary vehicle' for providing each child with the promised FAPE." *Fry*, 580
U.S. 158 (citing *Honig v. Doe*, 484 U.S. 305, 311 (1988)). Because of this, a challenge to the
contents of an IEP alleges the denial of a FAPE. Additionally, like the complaint in *J.M.*,
Plaintiff here alleges "Defendant FHSD has used restraint and seclusion as a common
*disciplinary method* for students with disabilities." (Doc. 1 at 26, ¶ 108) (emphasis added). he
disciplinary nature of Defendant's actions demonstrates their inextricable relation to Plaintiff's

education.

> To further guide this analysis, the *Fry* court suggests two hypothetical questions:
>
> First, could the plaintiff have brought essentially the same claim if the alleged conduct had occurred at a public facility that was *not* a school—say, a public theater or library? And second, could an *adult* at the school—say, an employee or visitor—have pressed essentially the same grievance? When the answer to those questions is yes, a complaint that does not expressly allege the denial of a FAPE is also unlikely to be truly about that subject.

*Fry*, 580 U.S. at 171. Here, it is difficult to imagine either scenario due to the disciplinary nature of the Defendant's actions, coupled with the fact that F.B.'s IEP specifically provided for the use of isolation and restraint. As demonstrated by the Complaint, Plaintiff's key concern is the appropriateness of Defendant's educational program—an educational program that allows the use of isolation and restraint as a last resort.

Finally, while the Complaint does seek relief that is unavailable under the IDEA, namely compensatory damages and systemic reforms, this does not free Plaintiff from the obligation of exhausting the IDEA's procedures. *J.B.*, 721 F.3d at 593 (compensatory damages not available under IDEA). "[T]he IDEA's exhaustion requirement remains the general rule, regardless of whether the administrative process offers the particular type of relief that is being sought." *Id.* at 595; *Smith*, 895 F.3d at 569.

For these reasons, the Court finds that the gravamen of Plaintiff's Complaint seeks relief for the denial of a FAPE and, therefore, Plaintiff was required to exhaust the IDEA's administrative remedies absent an exception.

<u>Exceptions to Exhaustion Requirement</u>

Plaintiff argues that all exceptions to the IDEA's exhaustion requirement apply. There are three exceptions to the exhaustion requirement: "(1) futility; (2) inability of the administrative remedies to provide adequacy of relief, and (3) the establishment of an agency policy or practice

of general applicability that is contrary to law." *J.M.*, 850 F.3d at 950 (quoting *J.B.*, 721 F.3d at

594). A decision whether to waive exhaustion should be guided by the following policies:

> Exhaustion is generally required as a matter of preventing premature interference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review.

*J.B.*, 721 F.3d at 594 (quoting *Weinberger v. Salfi*, 422 U.S. 749, 765 (1975)).

First, Plaintiff contends that any effort to exhaust administrative remedies would have

been futile. But an administrative challenge here would have been far from futile. This process

would have allowed the agency to develop a record and apply its expertise regarding the

implementation of an IEP and the use of isolation rooms in educational settings. *See J.B.*, 721

F.3d at 594. Plaintiff also claims futility because "the IDEA process is unable to grant the

specific relief requested." (Doc. 20 at 11). However, as discussed, the availability of the

particular relief sought does not excuse the rule of the IDEA's exhaustion requirement. *J.B.*, 721

F.3d at 595.

Second, this rule similarly rejects Plaintiff's claim that the administrative process cannot

provide adequate relief. *J.M.*, 850 F.3d at 951.

Plaintiff's final objection is that Defendant's use of isolation and restraint constitutes a

policy or practice that is contrary to law. "We do not automatically excuse exhaustion whenever

a claimant challenges the validity of agency proceedings." *Id.* at 596 (citing *Bowen v. City of

New York*, 476 U.S. 467, 485 (1986)). In the Complaint, Plaintiff cites to various agency

interpretations on when isolation in educational settings "may" result in violations of the law

(Doc. 1 at 17, ¶¶ 86-90), in addition to various statements by public officials voicing concern

over such practices (Doc. 1 at 12, ¶¶ 75-85). However, these statements do not rise to the level of

establishing Defendant's actions were indeed contrary to law. "A plaintiff must also show the

alleged infirmity in the proceedings is such that it would not further the underlying purposes of exhaustion to require it." *J.B.*, 721 F.3d at 594. Here, Plaintiff has not demonstrated that exhaustion of IDEA's procedures would have failed to serve the purposes of the exhaustion requirement. Based on the foregoing, Plaintiff is not excused from exhausting the IDEA's administrative remedies.

Plaintiff raises significant concerns regarding the treatment of a minor in an educational setting. She alleges her son suffers post-traumatic stress disorder due to Defendant's treatment. But the law requires that Plaintiff follow the procedures adopted by Congress. These procedures mandate filing a due process complaint with the local state agency and challenging that decision before the state educational review agency. If these results are unfavorable, only then may Plaintiff seek redress in federal court. Because Plaintiff did not follow the procedures required by law, this Court lacks jurisdiction to address Plaintiff's concerns.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Francis Howell School District's Motion to Dismiss Plaintiff's Complaint (Doc. 16) is **GRANTED**.

Dated this 15th day of December 2022.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE